IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Steve Furst, Kent Guthrie, and Anthony Marshall, as members of Ranger Rock, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Dan Abelmann, Leanne Abelmann, individually and as members of Ranger Rock, LLC, <br><br> Defendants. | **REPORT AND RECOMMENDATION REGARDING PENDING MOTION** <br><br> Case No. 1-17-cv-85 |

Before the court is Steve Furst, Kent Guthrie, and Anthony Marshall (collectively "the Plaintiffs")'s "Motion to Consolidate Cases." (Doc. No. 7).[1] In the motion, Plaintiffs seek to consolidate this case with Abelmann et al. v. SmartLease USA, LLC et al., Case No. 4-14-cv-40. Dan and Leanne Abelmann (the "Abelmanns") oppose the motion. (Doc. No. 23).

**I.     BACKGROUND**

The factual background giving rise to this action is more fully set forth in the undersigned's order in Abelmann et al. v. SmartLease USA, LLC et al., Case No. 4-14-cv-40 (Doc. No. 99) and by the North Dakota Supreme Court in Abelmann v. SmartLease USA, L.L.C., 2014 ND 227, ¶¶ 2-8, 856 N.W.2d 747. The two actions currently before the court stem from a failed mobile home/RV park development in McKenzie County during the height of the Bakken boom involving SmartLease

---

[1]Although the Plaintiffs filed an initial memorandum in support of its motion, (Doc. No. 8), the Plaintiffs also filed an amended memorandum. (Doc. No. 11). Because none of the adverse parties have taken exception with this filing, the undersigned will treat the amended memorandum as the Plaintiffs' submission in support of its motion

USA, LLC, its principals Steve Furst, Kent Guthrie, and Anthony Marshall, and the Abelmanns.

A.  Abelmann et al. v. SmartLease, USA, L.L.C.— Case No.  4-14-cv-40 ("Abelmann I")

In Abelmann I, the Abelmanns sued SmartLease for breach of contract, breach of fiduciary duty, and fraud in regards to a lease and a lease addendum they executed in favor of SmartLease. (Doc. No. 37).  SmartLease counterclaim against the Abelmanns, seeking specific performance under the lease and alleging unjust enrichment, tortiuous interference with contract, and unlawful interference with contract.  SmartLease also filed a third-party complaint against Executive Housing Solutions, LLC, Ray Wurth, Don Gibson, and Chad Church (collectively "EHS").[2]  SmartLease alleged EHS, with which it had contracted to help develop the Abelmanns' property, breached its contract in multiple ways and unlawfully interfered with SmartLease's business by colluding with the Abelmanns to have SmartLease evicted from the property.

B.  Furst et al. v. Abelmann—Case No. 1-17-cv-85 ("Abelmann II")

In a separate transaction, the Abelmanns and three principals from SmartLease—Steve Furst, Kent Guthrie, and Anthony Marshall—formed Ranger Rock, LLC ("Ranger Rock") to mine a gravel pit on the Abelmanns' property.  In Abelmann II, Furst, Guthrie, and Marshall, as members of Ranger Rock, sued the Abelmanns, also as members of Ranger Rock, alleging the Abelmanns breached various duties towards the other members of Ranger Rock.  Furst, Guthrie, and Marshall also seek an accounting for all of Ranger Rock's operations and an order dissolving Ranger Rock.

II. **DISCUSSION**

The Plaintiffs argue consolidation of Abelmann I and Abelmann II is warranted because each concerns a facet of the larger business relationship that existed between SmartLease, Furst, Guthrie,

---

[2]SmartLease subsequently and voluntarily dismissed Chad Church from the action.  (Doc. No. 90).

Marshall, and the Abelmanns, meaning the two actions largely concern the same documentation, parties, and facts. The Abelmanns disagree, arguing the actions are dissimilar and consolidation of the two actions would only serve to confuse a trier of fact and would not further judicial economy.[3]

Under Fed.R.Civ.P. 42(a)(2), the court may consolidate multiple actions before the court involving a common question of law or fact. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Enter. Bank v. Saettele, 21 F.3d 233, 235 (8 th Cir. 1994) (quoting Johnson v. Manhattan Ry., 289 U.S. 479, 496–97 (1933)). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. V. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). Whether to allow consolidation is left to this court's discretion. Enter. Bank, 21 F.3d at 235. The moving party bears the burden of demonstrating the propriety of consolidation. Ecolab Inc. v. Schmidt, Case Nos. 2:15-cv-2; 2:15-cv-3, 2015 WL 12803640 at *2 (D.N.D. August 11, 2015).

As the undersigned concluded in Abelmann I, the circumstances presented by the two actions do not warrant consolidation under Fed.R.Civ.P. 42(a)(2). Abelmann I involves competing breach of contract claims by and amongst the Abelmanns, SmartLease, and EHS concerning the failed development of the mobile home/RV park, whereas Abelmann II concerns a dispute between squabbling members of an LLC. The two actions contain uncommon legal theories and concern tangentially common factual theories in that each relates to the larger failed business relationship

---

[3] The Abelmanns also argue the court should not consolidate the cases because the court lacks subject matter jurisdiction over Abelmann II and the Abelmanns have moved to dismiss on that ground. (Abelmann II Doc. No. 24). Because Abelmann I and Abelmann II are not sufficiently similar to warrant consolidation, the court need not address that issue for purposes of the current motion.

amongst SmartLease, Furst, Guthrie, Marshall, and the Abelmanns. While the undersigned recognizes some benefit may be derived from consolidation, the possible prejudicial effect caused by consolidation—the most concerning of which is the risk information admissible in one action, but not the other, will possibly influence the latter's outcome—easily outweighs that benefit. Any benefit to be derived from consolidation in the form of efficiencies in the discovery process would better addressed through consolidated/joint discovery and not total joinder.

IV. **RECOMMENDATION**

Based on the foregoing, and the reasons further set forth in the undersigned's order in <u>Abelmann et al. v. SmartLease USA, LLC</u>, Case No. 4-14-cv-40 (Doc. No. 99), it is **RECOMMENDED** that:

1. The Plaintiffs' "Motion to Consolidate Cases." (Doc. No. 7) be **DENIED.**

2. The Plaintiffs' "Motion to Amend" (Doc. No. 11) be deemed **MOOT.**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 16th day of October, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
